per curiam:
Hoy nos encontramos en la necesidad de ejercer una vez más nuestra facultad disciplinaria contra un miembro de la profesión legal por incumplimiento con los cánones del Código de Ética Profesional que juró profesar.
I
El Ledo. Hiram A. Meléndez Rivera (licenciado Melén-dez Rivera) fue admitido al ejercicio de la abogacía el 14 de enero de 1970 y, posteriormente, al ejercicio de la notaría el 7 de octubre de 1971.(1)
*726 Por hechos acaecidos entre enero de 2005 al 31 de diciembre de 2008, mientras el licenciado Meléndez Rivera fungía como director ejecutivo de la Administración de Compensaciones por Accidentes de Automóviles (ACAA), se le presentaron varios cargos por violación a los Arts. 210 (fraude)(2) y 267 (malversación de fondos públicos)(3) del Código Penal de 2004 y por violación al Art. 3.3(c) de la Ley de Ética Gubernamental. (4) En específico, al licenciado Me-léndez Rivera se le imputó haber utilizado indebidamente la tarjeta corporativa de la ACAA para gastos extravagan-tes e innecesarios, que comprendían estadías en hoteles en Puerto Rico, consumo en restaurantes en el área de San Juan y estadías fuera de Puerto Rico en asuntos que fue-ron catalogados como no oficiales.(5)
Luego de varios trámites procesales, los delitos mencio-nados fueron reclasificados cada uno a dos cargos por ne-gligencia en el cumplimiento del deber (Art. 266 del Código Penal de 2004),(6) por lo que finalmente el licenciado Me- *727 léndez Rivera terminó realizando alegación de culpabili-dad por seis cargos menos graves por violación a este úl-timo artículo.(7) Como resultado de lo anterior, el 27 de febrero de 2012, el Tribunal de Primera Instancia dictó sentencia, condenándolo a cumplir un año de prisión con el beneficio de una sentencia suspendida, conforme lo dis-pone la Ley Núm. 259 de 3 de abril de 1946 (34 L.P.R.A. sec. 1026 et seq.), y a restituir la cantidad de trece mil setecientos cuarenta y siete dólares con ochenta y seis centavos ($13,747.86) al erario.
Por tratarse esa situación de la convicción criminal de un togado, el 6 de julio de 2012 el Panel sobre el Fiscal Especial Independiente (Panel del FEI) emitió una resolu-ción en la que le informa a este Tribunal los pormenores expuestos para que conociéramos ese asunto y dispusiéra-mos lo que fuera procedente. Como resultado de lo anterior, el 26 de octubre de 2012 emitimos una resolución y le concedimos al licenciado Meléndez Rivera un término de veinte días para que expresara por qué no debía ser sus-pendido de la práctica de la abogacía.
En cumplimiento con lo anterior, el 20 de noviembre de 2012 el licenciado Meléndez Rivera compareció ante nos e informó que los trescientos sesenta días a los que fue con-denado a cumplir con el beneficio de una sentencia suspen-dida se cumplen el próximo 22 de febrero de 2013 y que la cantidad que se le había ordenado restituir fue debida-mente consignada conforme a la ley. Expresó, además, su profundo arrepentimiento, así como su propósito de conti-nuar conduciendo su vida según las normas que rigen la profesión legal.
*728 II
La Sec. 9 de la Ley de 11 de marzo de 1909 (4 L.P.R.A. sec. 735), dispone, en su parte pertinente:
El abogado que fuere culpable de engaño, conducta inmoral (malpractice), delito grave (felony) o delito menos grave (misdemeanor), en conexión con el ejercicio de su profesión o que fuere culpable de cualquier delito que implicare depravación moral, podrá ser suspendido o destituido de su profesión por el Tribunal Supremo de Puerto Rico. (Énfasis nuestro).
Reiteradamente hemos establecido que la "[depravación moral consiste en hacer algo contrario a la justicia, a la honradez, a los buenos principios o a la moral”. In re Arroyo Arroyo, 182 D.P.R. 83, 85 (2011). Véanse: In re Colón Muñoz, 149 D.P.R. 627 (1999); In re Ortiz Gilot, 117 D.P.R. 167 (1986).
Para evitar exponerse a los pormenores de un proceso disciplinario por cualquier conducta de las indicadas, hemos insistido en que todo miembro de la profesión legal debe conducirse en forma digna y honorable, tanto en su vida privada como familiar. Canon 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Conforme a lo anterior, desde el preámbulo del código de ética que ha de regir la conducta de los miembros de la clase togada se ha dispuesto que a todo abogado se le exige evitar hasta la apariencia de conducta impropia. Del mismo modo, dispone el referido Canon 38 que “[e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia”. (Énfasis nuestro).
Reviste tanta importancia que todo abogado se desempeñe con dignidad y un alto sentido del honor que, según hemos reafirmado, éstos podrán ser suspendidos o *729 desaforados por actuaciones que no tienen que surgir ne-cesariamente de su actividad profesional, sólo bastando con que éstas afecten sus cualidades morales o lo hagan indigno de pertenecer al foro. In re Rodríguez Vázquez, 176 D.P.R. 168, 177 (2009); Colegio de Abogados de P.R. v. Barney, 109 D.P.R. 845, 848 (1980); In re Liceaga, 82 D.P.R. 252, 255-256 (1961).
Luego de evaluar los hechos en este proceso disciplina-rio entendemos que, sin lugar a dudas, el comportamiento y la conducta incurrida, por la cual hizo alegación de cul-pabilidad el licenciado Meléndez Rivera, va en contra de los buenos principios, de la moral y de la honradez con la que debe conducirse todo miembro de la profesión legal. Al así actuar dejó a un lado su deber de esforzarse al máximo de su capacidad en la exaltación del honor y la dignidad de la profesión y de evitar hasta la apariencia de conducta impropia.
Como acertadamente expone el licenciado Meléndez Rivera en su comparecencia ante nos, “[e]l hecho que activa la función disciplinaria en el caso de autos es cierto y cons-tatable: una sentencia por delito”. (Enfasis nuestro).(8) Re-conocemos que nuestro deber va más allá de aplicar con automatismo una sanción disciplinaria por una convicción por el delito de negligencia en el cumplimiento en el deber. Pero, como hemos reiterado en ocasiones anteriores, todo abogado debe actuar a un nivel superior y no al margen de este. Por lo tanto, no hemos dudado en suspender o desafo-rar a abogados cuando sus actuaciones afectan sus cuali-dades morales y los hacen indignos de pertenecer al foro. Las actuaciones que desembocan en la sentencia en cues-tión, sin lugar a dudas, son patentemente contrarias a los postulados éticos que gobiernan la profesión y merecen que ejerzamos nuestra facultad disciplinaria.
*730 Ill
De este modo y en vista de los acontecimientos esboza-dos, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del licenciado Meléndez Rivera. Le ordenamos, por lo tanto, notificar a todos sus clientes, si alguno, de su inhabilidad para continuar con su represen-tación, así como devolver tanto los expedientes de los casos pendientes, como los honorarios recibidos por trabajos no rendidos.
Igualmente, tiene el deber de informar oportunamente de su suspensión tanto a los foros judiciales como adminis-trativos del país en el que tenga algún caso o asunto pendiente. Esas gestiones deberán ser acreditadas a este Tribunal en el término de treinta días a partir de la noti-ficación de esta opinión per curiam y sentencia.
Notifíquese personalmente esta opinión per curiam al Sr. Hiram A. Meléndez Rivera por la Oficina del Alguacil de este Tribunal.

Se dictará sentencia de conformidad.

El Juez Presidente señor Hernández Denton y las Jue-zas Asociadas Señoras Fiol Matta y Rodríguez Rodríguez no intervinieron.

 Con fecha 17 de junio de 1983 el licenciado Meléndez Rivera informó que deseaba cesar en sus funciones como notario público a partir de 27 de junio de 1983. Por esa razón y luego de que la Oficina del Director de Inspección de Notarías (ODIN) examinara los protocolos y registros de testimonios formados hasta ese mo- *726 mento y los depositara en el Archivo Notarial de San Juan, dimos por terminada su fianza notarial.
Aproximadamente diez años después, el licenciado Meléndez Rivera solicitó readmisión al ejercicio del notariado, petición que le fue concedida el 15 de enero de 1993, previa prestación de la fianza notarial. No obstante, el 26 de junio de 2002 solicitó nuevamente el cese voluntario de sus funciones como notario. Por lo tanto, luego de examinada su obra notarial y archivada en el Archivo Notarial, Distrito de San Juan, emitimos una resolución para dar por terminada su fianza notarial el 18 de octubre de 2002.

 33 L.P.R.A. sec. 4838. El delito de fraude estaba catalogado en el Código Penal de 2004 como un delito grave de cuarto grado.

 33 L.P.R.A. sec. 4895. El delito de malversación de fondos públicos estaba catalogado en el Código Penal de 2004 como un delito grave de tercer grado.

 3 L.P.R.A. sec. 1823(c).

 En las imputaciones realizadas por el uso irregular de la tarjeta de crédito corporativa, el licenciado Meléndez Rivera reconoce que, aunque él no era el funcio-nario encargado de realizar los pagos en la agencia, por su puesto como director ejecutivo tenía una responsabilidad ministerial de que todo trámite relacionado a los pagos fuera impecable. Aceptó, además, que aun cuando se alega que él no tuvo la oportunidad de examinar la auditoría de las finanzas de la agencia y no tenía consigo las facturas por los gastos que se le estaban cuestionando, después de todo era su responsabilidad que todas las cuentas de la agencia estuvieran claras.

 33 L.P.R.A. sec. 4894.

 El licenciado Meléndez Rivera realizó alegación de culpabilidad durante la vista de lectura de acusación celebrada el 27 de febrero de 2012, luego de un pre-acuerdo realizado entre su representante legal y la fiscal designada por el Panel del FEI.

 Moción en cumplimiento de orden de 20 de noviembre de 2012, pág. 6.